# The Law Office of Jason Tenenbaum, P.C.

35 PINELAWN ROAD, SUITE 105E, MELVILLE, NY 11747     PHONE: 516-750-0595 FAX: 516-414-2869

October 18, 2023

Hon. Arlene R. Lindsay
United States District Court
Eastern District: New York
Central Islip, New York

                Re:        Farmington Ins. Co. v. All County, LLC
                           Case #: 22-cv-1067
                           Discovery abuse by Plainiff

Dear Hon. Arlene Lindsay:

      I write this letter to address an alarming issue that is presented in Plaintiff's papers. Initially, as the papers show, discovery was delayed by both sides. Plaintiff sought compliance after the discovery cut off and Defendant's, regrettably acted no better. Plaintiff's flowery language to discuss the procedural issues herein presented is unfortunate and unnecessary. This Court can properly decipher Plaintiff's missives for what they represent.

      But my issue here involves Exhibits 33-5 and 33-6. It appears, and Plaintiff can shine some light on this, that these are documents emanating from a bank subpoena, likely from this case. We timely filed a motion to quash and sent same to the banks that were presented on the subpoena. One of the banks was Chase Bank.

      My client received notice from Chase Bank in July 20223 that they received the subpoena. This caused the initial motion to quash the subpoena to be filed. (DE # 23). Same was sent to Chase Bank at their fax number for legal issues. We note that the subpoena was received.

      Notably, I have subpoenaed bank information from Chase Bank on my own legal files rather recently. Their process is relatively standard. They contact the sender after the subpoena is processed and they inquire how the sender would like to receive the information. Following this, Chase Bank asks for a tine frame, often outside the window of the subpoena.

      We also filed the renewed motion to quash the subpoena two weeks after this Court denied the same without prejudice.

      Assuming the subpoenaed information came from this case, we are left to believe that Plaintiff, despite knowing the subpoena was challenged and actively opposing the motion to quash,

still instructed Chase Bank to comply with the challenged subpoena. This is problematic and should result in a protective order requiring the information derived from the improper subpoena or another appropriate sanction. Fed. R. Civ: Pro. 26(c)(1)(A)(granting a protective order and forbidding discovery on an issue). Additionally, other sanctions should befall Plaintiff if this is what occurred.

The second issue is that without regard to the privacy of anybody, Plaintiff uploaded Defendant's bank records without any redaction of personal information. An appropriate order sealing these docket entries should be granted.

The third issue and one that I find personally troubling is why is Defendant learning now about compliance with a challenged subpoena, presumptively occurring months ago? How come Plaintiff did not send the records to Defendant upon their receipt or notify Defendant that Chase complied with the challenged subpoena?

Fourth, how come Plaintiff did not alert Chase to the challenged subpoena and request that compliance be held in abeyance?

And finally, it appears the discovery subpoena was served and made returnable **after** the discovery end date.

We appreciate the Courts attention to this matter and would seek a resolution.

>Very Truly Yours,
>THE LAW OFFICE OF JASON TENENBAUM PC
>
>
>*/s/ Jason  Tenenbaum*
>Jason Tenenbaum, Esq.

JT: